**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert P. CROWLEY, Sr., et al.,
Defendants-Appellants.**

**Nos. 74–1816 to 74–1818.**

United States Court of Appeals,
Seventh Circuit.

Argued May 29, 1975.

Decided June 25, 1975.*

Rehearing Denied July 25, 1975.

Francis R. Croak, Gregory Gramling, Jr., Milwaukee, Wis., for defendants-appellants.

William J. Mulligan, U. S. Atty., Milwaukee, Wis., Hugh P. Mabe, III, Crim. Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before PELL and SPRECHER, Circuit Judges, and EAST, Senior District Judge.**

SPRECHER, Circuit Judge.

The defendants—a father and his two sons, Robert P. Crowley, Sr., Robert P. Crowley, Jr. and David V. Crowley— were during the times mentioned in the indictment officers of City Federal Savings and Loan Association, chartered in 1936 as a mutual savings and loan associ-

---

* This appeal was originally decided by unreported order on June 25, 1975. See Circuit Rule 28. The panel has subsequently decided to issue the decision as an opinion.

** Senior District Judge William G. East of the District of Oregon is sitting by designation.

ation by the Federal Home Loan Bank Board and located in Milwaukee, Wisconsin.

Robert Sr. was found guilty by a jury of ten counts and Robert Jr. and David each of four counts of conspiracy in violation of 18 U.S.C. § 371, of making false reports in violation of 18 U.S.C. § 1006, and of obstructing justice in violation of 18 U.S.C. § 1505. Robert Sr. was sentenced to 90 days' incarceration and a $15,000 fine, Robert Jr., to 30 days' incarceration and an $8,000 fine, and David to a $6,000 fine. All defendants were placed on one year's probation.

Upon appeal the defendants have argued the sufficiency of the evidence and particularly have questioned whether the copying of other appraisers' appraisal reports and the substitution of defendants' names as the purported authors thereof constitute a violation of 18 U.S.C. § 1006.

Section 1006 provides in part:

Whoever, being an officer, agent or employee of or connected in any capacity with . . . any lending, mortgage, insurance, credit or savings and loan corporation or association authorized or acting under the laws of the United States . . . with intent to defraud any such institution or any other company, body politic or corporate, or any individual, or to deceive any officer, auditor, examiner or agent of any such institution or of department or agency of the United States, makes any false entry in any book, report or statement of or to any such institution, . . . shall be fined not more than $10,000 or imprisoned not more than five years, or both.

The indictment also referred to two regulations governing the operation of federal savings and loan associations. 12 C.F.R. § 545.6–9 provides in part:

No loan shall be made by any Federal association until at least two qualified persons designated by its board of directors shall have submitted a signed appraisal of the real estate security . . . ..

12 C.F.R. § 563.17–1(c)(1) provides in part:

The records of an insured institution with respect to each loan which such institution makes on the security of real estate shall include:

\* \* \* \* \* \*

(iii) One or more written appraisal reports, prepared and signed, prior to the approval of such application, by a person or persons duly appointed and qualified as appraiser or appraisers by the board of directors of such institution, disclosing the market value of the security offered by the applicant and containing sufficient information and data concerning the appraised property to substantiate the market value of the security described in such report . . . ..

Defendants' argument is that inasmuch as they copied true and correct appraisal reports prepared by others and adopted them as their own, they did not "make any false entry in any . . . report" as proscribed by section 1006. Defendants Robert Sr., Robert Jr. and David, as well as Paul Crowley, an unindicted son of Robert Sr., were designated by the board of directors of City Federal as appraisers although none of them were capable of preparing the required appraisal reports. They contended that no falsity was involved in misrepresenting that appraisal reports prepared by others were prepared by them.

We disagree. The keystone of a sound lending business, dependent upon real estate as security, is the appraisal. Whether the board of directors of City Federal violated any law or regulation by designating as appraisers four members of the Crowley family who were not competent to make appraisals is not before us in this appeal. What is at issue is whether these designated appraisers could lawfully cover up their inadequacies by adopting other, and presumably competent, appraisers' reports as their own. The answer is clearly that they could not.

Regulation 12 C.F.R. § 545.6–9 requires that the designated appraisers shall submit a "signed" appraisal. Section 563.17–1(c)(1)(iii) requires that appraisal reports be "prepared and signed" by duly appointed and "qualified" appraisers. The requirement of designation of certain appraisers was to assure that competent appraisers be designated and that once designated they be responsible for the reports submitted in their names. The regulations would be rendered nugatory if one person's work product appeared over another person's name. If the actual authors of reports became aware that their names were to be removed and that they would not be responsible for those reports, there would be no guarantee whatsoever that what tended to be accurate when associated with the name of a responsible person would continue to be so. And, of course, the plagiarists would have no way of knowing what was true or false in the report. But in any event, the falsity charged here is not in the contents of the report but in the misrepresentation as to its preparation and authorship, which is a vital fact in regard to the report.

An appraisal is by definition a property valuation by persons of "suitable qualifications," Black's Law Dictionary 129 (Rev. 4th Ed. 1968), or "by one fitted to judge," Webster's Third New International Dictionary (1966). The name of the author is probably the most important feature of the report.

In *Tennessean Newspapers, Inc. v. Federal Housing Administration*, 464 F.2d 657 (6th Cir. 1972), the court of appeals, in holding that the FHA did not comply with the Freedom of Information Act when it released an appraisal without releasing the name of its author, said:

> [The appraisal] is (at least presumably) the finished work product of a professional. . . .

The appraisal in this case is an analysis of facts involving a professional opinion. The name of the author is a relevant and necessary part of that opinion. . . .

We do not think that FHA complied with the Freedom of Information Act when it released the appraisal without the name of its author. . . .

Without regard to any procedural niceties, we hold that the District Judge was correct in ordering disclosure of the appraisal and that his order should have included the name of the appraiser.

*Id.* at 660–61.

Similarly, we hold here that the appraiser's name is vital and that if someone else's name is substituted therefor a "false entry" has been made in a report in violation of 18 U.S.C. § 1006.

In regard to the sufficiency of the evidence, we have examined the record and find adequate evidence to support each count as to each defendant. It was, of course, for the jury to weigh that evidence and to make credibility determinations where conflicting evidence was adduced.

The convictions of the defendants are affirmed.

Affirmed.